UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JENNIFER RASPARDO,              :
NEEDASABRINA RUSSELL,          :
GINA SPRING,                   :
     Plaintiffs,              :
                               :
v.                             :        cv_____
                               :
CITY OF NEW BRITAIN, POLICE    :
DEPARTMENT, WILLIAM GAGLIARDI, :
THOMAS STECK, JOHN CARLONE,    :
KENNETH PANETTA,               :
ANTHONY PAVENTI, LOCAL 1165,   :
AFSCME, COUNCIL 15, AFL-CIO,   :
     Defendants.              :        AUGUST 20, 2009

## **COMPLAINT**

1.      This is an action by three current and former members of the New Britain

Police Department who have been the victims of a pervasive pattern of sexual

harassment by members of the New Britain Police Department. Individual members of

the department have also engaged in acts intended to deprive the plaintiffs, who are

females, of their right to equal treatment of the law and of their right to be free from

discrimination on account of gender and race, sexual harassment, retaliation for

complaining about mistreatment of them and a hostile work environment in violation of

state and federal law. The plaintiffs' union is also alleged to have breached its duty of

fair representation of the plaintiffs as well as having conspired with the other defendants

to discriminate against the plaintiffs.

2.      Jurisdiction of this court is invoked under the provisions of Sections 1331,

1343(3) and 1367(a) of Title 28 and, 42 U.S.C. Section 1983, Title VII of the Civil Rights

1

Act of 1964 and 1991, Section 2000 et seq. of Title 42 of the United States Code, 29

U.S.C. 152(5). The plaintiffs also bring supplemental state law claims arising under the

following provisions of the Connecticut General Statutes: 7-467(6), 46a-

60(a)(8)(A)(B)(C), 46a-60(a)(1) and 46-60(a)(4)(5).

3.      Jennifer Raspardo was at all times relevant to this action a police officer

employed by the City of New Britain. She is an Hispanic female.

4.      Needasabrina Russell was at all times relevant to this action a police

officer employed by the City of New Britain. She is an Afro-American female.

5.      Gina Spring was at all times relevant to this action a police officer

employed by the City of New Britain. She has left the employment of the City of New

Britain due to the acts of the defendants complained of herein. She is an Hispanic

female.

6.      The City of New Britain was at all times relevant to this action a municipal

corporation organized and operating under the laws of the State of Connecticut. It

maintains a police department, hereinafter the "Department," intended to provide for the

health and welfare of the city's citizens.

7.      William Gagliardi was at all times relevant to this action, and he remains,

chief of the City of New Britain Police Department. As chief he is a final decision-maker

with regard to the Department's day-to-day operations and has broad discretion in the

setting and enforcement of departmental policies and procedures. He is sued in his

individual capacity only.

8.      Thomas Steck was at all times relevant to this action, and he remains,  a

lieutenant in the City of New Britain Police Department. He is sued in his individual

capacity only.

9.      John Carlone was at all times relevant to this action a police officer employed by the City of New Britain Police Department. He is sued in his individual capacity only.

10.     Kenneth Panetta was at all times relevant to this action, and he remains, a sergeant in the City of New Britain Police Department. He is sued in his individual capacity only.

11.     Anthony Paventi was at all times relevant to this action, and he remains, a captain in the City of New Britain Police Department. He is sued in his individual capacity only.

12.     Local 1165, AFSCME, Council 15, AFL-CIO, hereinafter the "Union," was at all times relevant to this action, and it remains the collective bargaining unit for the plaintiffs with respect to the Department.

13.     The plaintiffs proceeded by way of a complaint against the City of New Britain Police Department filed in the Connecticut Commission on Human Rights and Opportunities on September 4, 2008, and bearing CHRO docket numbers 0910089. 0910090 and 0910091. These complaints were also referred to the Equal Employment Opportunity Commission and bear docket numbers 16A-2009-1696, 16A-2008-1697 and 16A-2008-1700.  The plaintiffs have requested releases of jurisdiction and right to sue letters from the respective agencies.

14.     The plaintiffs proceeded by way of a complaint against Local 1165, American Federation of State, County and Municipal Employees, Council 15, AFL-CIO filed in the Connecticut Commission on Human Rights and Opportunities on September

3

4, 2008, and bearing docket numbers 0910092, 0910093 and 0910094. These complaints were also referred to the Equal Employment Opportunity Commission and bear docket numbers 16A-2008-01698, 16A-2008-01699 and 16A-2008-1703. The plaintiffs have requested releases of jurisdiction and right to sue letters from the respective agencies.

15.     Each of the aforesaid mentioned complained was screened by the CHRO in its Merit Assessment Review process and the CHRO concluded that there was a reasonable possibility that an investigation would result in a finding of reasonable cause. The Merit Assessment Reviews were promulgated on January 21, 2009.

16.     The plaintiffs, each of them, has been subjected to gender discrimination, sexual harassment and retaliation by the City of New Britain's Police Department. This discriminatory treatment has been led and condoned by Defendants Gagliardi, Carlone, Paventi. Panetta and Steck. The acts of discriminatory conduct, harassment and retaliation include, but is not limited to, the following:

      a.    In July 2007, defendant Carlone ordered Ms. Russell into a private office where he removed his pants. He then compelled her to take his penis in her hand and masturbate him, telling her that "your sergeant did something for you, you should do something for your sergeant."

      b.    Defendant Carlone engaged in non-stop sexual banter, including comments about the plaintiffs' sex lives, unnecessary touching, offensive conducts about the plaintiffs' appearance, unwanted touching, repeated telling of off-color jokes,

4

c.    Each plaintiff was compelled to watch a video of a woman and a sex toy and other offensive and inappropriate topics. The defendants, each of them, were aware that this occurred and that there was no law enforcement purpose to requiring the plaintiffs to view this material.

d.    The plaintiffs were subjected to disparate treatment regarding the day-to-day terms and conditions of their employment, including pre-textual discipline for traffic incidents, degrading comments about their use of sick time and being subjected to heightened scrutiny regarding their performance.

e.    Repeated and offensive comments about the plaintiffs were tolerated by each of the individually named defendants and were regarded as a routine part of the culture of the New Britain Police Department.

f.    The plaintiffs were subjected to adverse action in the form of requiring them to attend unpaid training events and unfavorable comments in their personnel folders.

g.    The defendants failed to investigate the distribution of pictures throughout the Department that depicted one of the plaintiff's unclothed.

16.    The New Britain Police Department had actual notice that defendant Carlone behaved as a sexual predator while on duty supervising female offices. That notice includes, but is not limited to, the following:

5

a.    The Department received numerous complaints that defendant Carlone was inappropriate with female officers but only acted to discipline when a male officer complained about defendant Carlone's conduct.

b.    In January 2007, defendant Carlone used a sexual innuendo about one of the plaintiffs in an open and notorious manner throughout the Department. That innuendo constituted slang identifying the plaintiff as a person who participates in anal sex.

c.    In 2006, defendant Carlone made comment to another female officer about the use of a vibrator as a sexual aid.

d.    Defendant Carlone was counseled to avoid speaking to female officers about their sex lives, avoid picking them up in his police cruiser, avoid the use of Departmental communication devices to send offensive messages to female officers.

e.    Upon information and belief the Department counseled defendant Carlone nine times about his mistreatment of female subordinates prior to 2007.

17.    Despite defendant Carlone's history of abusive comments and behavior, the Department continued to permit him to supervise female officers, including the plaintiffs.

18.    The Department and individually named defendants refused to take seriously complaints that the plaintiffs made about pervasive sexually offensive comments and behavior in the Department.

6

19.     Each plaintiff sought the advice, counsel and representation of the Union regarding the pretextual discipline and hostile environment to which they were subjected at the Department. The Union failed, refused and/or neglected to act on behalf of the plaintiffs, including, but not limited to, the following:

        a.     Refusing to file a grievance on behalf of Ms. Raspardo and Ms. Russell regarding disparate discipline imposed after a minor traffic accidents;

        b.     Refusing to assist Ms. Spring when asked to intervene to help stop the pervasive sexual harassment she was experiencing in the Department;

        c.      Refusal to take any action whatsoever to protect the plaintiffs' contractual right to a workplace free from harassment and intimidation.

20.     The Union was a party and co-conspirator in a pattern of pervasive sexual harassment and misconduct in the Department.

21.     In the manner described herein, the Union breached its duty of fair representation to each of the plaintiffs.

22.     The acts of each individually named defendant were intentional and inspired by malice.

23.     The acts of each of the individually named defendants were either condoned or adopted by the City of New Britain as expressions of binding policy with the City of New Britain Police Department.

24.     As a direct and proximate results of the acts and omissions herein

described, the plaintiffs suffered, and continues to suffer, lost wages, loss employment opportunity emotional distress and the loss of the constitutional rights described herein.

WHEREFORE, the plaintiffs claim damages as follows:

      A.     Compensatory damages;

      B.     Punitive damages against the individually named defendants only;

      C.     Attorney's fees arising under 42 U.S.C. Section 1988;

      D.     Such other relief as this Court deems appropriate.

## JURY CLAIM

The plaintiffs claim trial by jury.

THE PLAINTIFFS

By_____/s/_____
         NORMAN A. PATTIS
         649 Amity Road
         Bethany, CT 06524
         203.393.3017
         203.393.9745
         Fed. Bar 13120