```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------x
JENNIFER RASPARDO,            :
NEEDASABRINA RUSSELL, and     :
GINA SPRING,                  :
                              :
          Plaintiffs,         :
     v.                       :      Civ. No. 3:09cv1321(AWT)
                              :
CITY OF NEW BRITAIN,          :
NEW BRITAIN POLICE DEPT.,     :
WILLIAM GAGLIARDI,            :
THOMAS STECK,                 :
KENNETH PANETTA, and          :
ANTHONY PAVENTI,              :
                              :
          Defendants.         :
------------------------------x
```

### ORDER RE DEFENDANTS' (OTHER THAN CARLONE) <u>MOTION FOR SUMMARY JUDGMENT</u>

The Motion for Summary Judgment (Doc. No. 63) filed by defendants City of New Britain, New Britain Police Department; William Gagliardi; Thomas Steck; Kenneth Panetta; and Anthony Paventi is hereby GRANTED in part and DENIED in part.

At the summary judgment stage the court resolves ambiguities and draws reasonable inferences against the moving party, and the court notes that the evidence proffered by the plaintiffs in opposition to the motion for summary judgment is atypical for this type of case in terms of volume.

Defendant City of New Britain moves for summary judgment on the Title VII and Conn. Gen. Stat. § 46a-60(a)(8)(A), (B) and (C) hostile work environment (sexual harassment) claims by plaintiffs

Raspardo and Spring.  The motion is being denied as to these claims because genuine issues of material fact exist as to whether those plaintiffs were subjected to a hostile work environment at the New Britain Police Department. The court notes that the motion did not address the claims by plaintiff Russell.

Defendant City of New Britain moves for summary judgment on its Farrager-Ellerth affirmative defense. See Petrosino v. Bell Atlantic, 385 F.3d 210, 225 (2d Cir. 2004).  The motion is being denied as to the Farrager-Ellerth affirmative defense because genuine issues of material fact exist, *inter alia*, as to whether this defendant exercised reasonable care to prevent and correct promptly sexually harassing behavior.

With respect to the plaintiffs' disparate treatment claims, defendant City of New Britain moves for summary judgment on the claims brought against it pursuant to Title VII and Conn. Gen. Stat. § 46a-60(a)(1) and defendants City of New Britain, William Gagliardi, Thomas Steck, Kenneth Panetta and Anthony Paventi move for summary judgment with respect to the claims brought against them pursuant 42 U.S.C. § 1983 and Conn. Gen. Stat. § 46a-60(a)(5).  The motion is being denied because genuine issues of material fact exist as to whether each of these defendants subjected the plaintiffs to disparate treatment because of their gender or aided and abetted another who was doing so.

With respect to the plaintiffs' retaliation claims,

defendant City of New Britain moves for summary judgment on the claim against it under Title VII and defendants City of New Britain, William Gagliardi, Thomas Steck, Kenneth Panetta and Anthony Paventi move for summary judgment with respect to claims brought against them pursuant 42 U.S.C. § 1983 and Conn. Gen. Stat. §46a-60(a)(4). The motion for summary judgment is being denied because genuine issues of material fact exist with respect to each of these defendants.

All defendants move for summary judgment on the plaintiffs' claims pursuant to Conn. Gen. Stat. § 7-467(6) (Municipal Employees Relations Act).  The motion is being granted with respect to these claims because Conn. Gen. Stat. § 7-467(6) does not provide a cause of action.

Defendant City of New Britain moves for summary judgment with respect to the claims against it pursuant to 42 U.S.C. § 1983, arguing that it cannot be held liable pursuant to a theory of respondeat superior and that the plaintiffs have not produced evidence sufficient to support a Monell claim.  The motion for summary judgment is being denied because the plaintiffs have produced evidence that could support liability on a Monell claim--and under more than one theory.

Defendants  William Gagliardi, Thomas Steck, Kenneth Panetta and Anthony Paventi move for summary judgment on the plaintiffs' claims pursuant to 42 U.S.C. § 1983, arguing that the plaintiffs

cannot show that they were personally involved as required for liability under § 1983.  The motion is being denied because genuine issues of material fact exist with respect to the personal involvement of each of these individuals.

    Defendants  William Gagliardi, Thomas Steck, Kenneth Panetta and Anthony Paventi move for summary judgment on the plaintiffs' claims pursuant to 42 U.S.C. § 1983 based on the doctrine of qualified immunity.  The motion is being denied with respect to qualified immunity because the constitutional rights sought to be vindicated by the plaintiffs here were clearly established and genuine issues of material fact exist as to the objective reasonableness of the actions of each of these defendants.

    It is so ordered.

    Dated this 29th day of March, 2012 at Hartford, Connecticut.

                                                 /s/AWT
                                          Alvin W. Thompson
                             United States District Judge